UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

OSCAR DANTZLER                                               CIVIL ACTION

VERSUS                                                       NO: 09-3703-KDE-SS

LANCE M AFRICK, et al

## REPORT AND RECOMMENDATION

On June 6, 2009, the plaintiff, Oscar Dantzler ("Dantzler"), filed a complaint for relief, pursuant to 42 U.S.C. 4000e, for violation of his rights under the United States Constitution. Rec. doc. 1. On December 2, 2010, all of the defendants were dismissed with prejudice except for Jim Richardson, Sal Mike and Willie Johnson. Rec. docs. 50 and 51.

The controversy arises out of a dispute concerning the termination of Dantzler's employment from the City of Hammond Police Department. Rec. doc. 1 at 8. Dantzler alleges that: (1) Willie Johnson, the mayor of Hammond, was involved in his alleged wrongful termination and the violation of his rights; (2) Sal Mike, a lieutenant with the police department, harassed him and conspired with others to violate his rights; and (3) Jim Richardson, an official of the police department, wrongfully suspended him. Rec. doc. 1.

Richardson and Mike were served. Rec. docs. 46 and 47. Johnson was not served. On April 19, 2010, Dantzler was notified that: (a) pursuant to Fed. R. Civ. P. 4(m), he was required to serve the summons and complaint upon a defendant within 120 days after the filing of the complaint; and (b) unless he served Johnson by May 19, 2010 or presented good cause for failing to do so, his claims against Johnson would be dismissed. Rec. doc. 54. Dantzler has not complied with this order.

On April 19, 2010, Dantzler was notified that if he did not obtain responsive pleadings or preliminary defaults against Richardson and Mike on May 4, 2010, his claims against them would be dismissed for failure to prosecute. Rec. doc. 55. Dantzler has not complied with this order.[1]

On April 20, 2010, the action was referred to the Magistrate Judge to handle all pre-trial matters and submission of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1). Rec. doc. 56.

## **FAILURE TO PROSECUTE**

The authority of a federal trial court to dismiss a plaintiff's action because of his failure to prosecute is clear. See Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388 (1962). Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of the plaintiff to prosecute or comply with any order of the court. Larson v. Scott, 157 F.3d 1030, 1032 (5th Cir. 1998). A Rule 41(b) dismissal is considered to be an adjudication on the merits. Edwards v. City of Houston, 78 F.3d 983, 994 (5th Cir. 1996). The court's power to dismiss for want of prosecution should be used sparingly. See Ramsay v. Bailey, 531 F.2d 706, 707-08 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S. Ct. 1139 (1977). In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order. Markwell v. County of Bexar, 878 F.2d 899, 902 (5th Cir. 1989).

Dantzler is not represented. The responsibility for the failure to comply with the Court's

---

[1] Dantzler is well acquainted with the need for compliance with the Court's orders. The Clerk's records demonstrate that Dantzler has been a plaintiff in at least eleven actions, excluding this action: Dantzler v. City of Hammond, 00-408; Dantzler v. City of Hammond, 00-446; Dantzler v. Anderson, 00-1491; Dantzler v. Tangipahoa Parish, 05-147; Dantzler v. Pope, 06-9516; Dantzler v. Montecino, 06-10924; Dantzler v. Pope, 07-9516; Dantzler v. Dantzler, 08-3821; Dantzler v. Pope, 08-3777; and Dantzler v. EEOC, 09-4246.

2

orders rests exclusively with him. He has not complied with two orders requiring him to serve Johnson and obtain responsive pleadings from Richardson and Mike or obtain preliminary defaults on them. He has not sought any extensions. He has made no attempt to explain his failure to comply with these orders. There is a clear record of delay without excuse.

It will be recommended that Dantzler's claims against Richardson, Mike and Johnson be dismissed with prejudice for failure to prosecute. With the dismissal of the claims against these defendants, all claims against all defendants will have been dismissed. Accordingly, it will be recommended that Dantzler's complaint be dismissed with prejudice.

## RECOMMENDATION

IT IS RECOMMENDED that: (1) Dantzler's claims against Jim Richardson, Sal Mike and Willie Johnson be dismissed with prejudice; and (2) Dantzler's complaint be dismissed with prejudice.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 20th day of May, 2010.

**SALLY SHUSHAN**
**United States Magistrate Judge**